FILED
FEB 11 2015
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARTY EVANS,<br><br>Petitioner,<br><br>vs.<br><br>MONTANA SENTENCE REVIEW BOARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 15-13-M-DLC<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Petitioner Marty Evans's application for writ of habeas corpus under 28 U.S.C. § 2254, filed February 9, 2015. Evans is a state prisoner proceeding pro se.

Evans moves to proceed in forma pauperis. As his prison trust account statement (Doc. 2-1) shows a current balance of $0.26 and no balance over $5.00 in the past year, the motion will be granted.

Evans filed a petition under 28 U.S.C. § 2254 on August 17, 2011. Most of his claims were denied for lack of merit. One claim, Evans's assertion that his sentence is disproportionate to his crime, was dismissed with prejudice as procedurally defaulted without excuse. A certificate of appealability was denied in this Court. *See* Orders (Docs. 33, 44), *Evans v. Kirkegard*, No. CV 11-112-M-DWM (D. Mont. Oct. 31, 2012, and Aug. 30, 2013).

1

Evans appealed. He sought a certificate of appealability on several claims, including his claim that his sentence is disproportionate to his crime. *See* Mot. for COA (Doc. 2) at 2-3, *Evans v. Kirkegard*, No. 13-35828 (9th Cir. Jan. 13, 2014). Two judges of the Ninth Circuit Court of Appeals denied a certificate of appealability. Order (Doc. 5) at 1, *Evans*, No. 13-35828 (9th Cir. Mar. 14, 2014). Two different judges of the Court of Appeals denied reconsideration. Order (Doc. 7) at 1, *Evans*, No. 13-35828 (9th Cir. Sept. 30, 2014).

Evans's current petition alleges that he did not have a fair opportunity to present his case to the Sentence Review Division of the Montana Supreme Court and that the conditions Evans must meet to obtain parole are excessive. Pet. (Doc. 1) at 4 ¶ 13A, 5 ¶ 13B. Evans applied for sentence review on October 21, 2010. His sentence was affirmed on June 2, 2011, *see* Case Register Report (Doc. 10-1) Entries 72, 82, 83, 92, *Evans*, No. CV 11-112-M (D. Mont. Oct. 6, 2011), more than two months before Evans filed his first habeas petition in this Court. Consequently, Evans's current claims either were or could have been raised in his first habeas petition. They are now subject to the stringent requirements applicable to second or successive habeas petitions. *See* 28 U.S.C. § 2244(b); *see also Hill v. Alaska*, 297 F.3d 895, 897-99 (9th Cir. 2003). Further, even if Evans believes he can meet these stringent requirements, he must do so in the Ninth Circuit Court of Appeals before he may attempt to do so in this Court. 28 U.S.C. § 2244(b)(3).

2

Unless and until Evans obtains leave from the Court of Appeals to proceed in this Court, this Court lacks jurisdiction to hear Evans's claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). His petition must be dismissed.

A certificate of appealability is not warranted as there is no doubt about either the nature of Evans's claims or this Court's lack of jurisdiction to hear them. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Evans's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. Evans's Petition (Doc. 1) is DISMISSED for lack of jurisdiction.

3. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Evans files a notice of appeal.

DATED this 11th day of January, 2015.

Dana L. Christensen, Chief Judge
United States District Court

3